IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MJ NO. 3:20-MJ-5291 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE JAMES R. KNEPP, II |
| v. | ) | |
| | ) | |
| SIR MAEJOR PAGE, | ) | JOINT MOTION TO SUSPEND THE 30-DAY |
| | ) | STATUTORY SPEEDY TRIAL CLOCK AND |
| Defendant. | ) | EXCLUDE SUCH TIME FOR ALL SPEEDY |
| | ) | TRIAL ACT PURPOSES |
| | ) | |
| | ) | |

The United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Michael J. Freeman, Assistant United States Attorney, and Defendant SIR MAEJOR PAGE by through his counsel, Neil S. McElroy, hereby moves this Court to suspend the 30-day time period imposed by the Speedy Trial Act for returning an indictment in the above-captioned case, and to exclude such time for all Speedy Trial Act purposes, including, but not limited to the 30-day time period under 18 U.S.C. § 3161(b) in which an information or indictment must be filed.

The United States initiated this case via complaint and arrest warrant. Defendant SIR MAEJOR PAGE was arrested on September 25, 2020, and first appeared before a judicial officer of this Court on the same day, at which time Defendant was released on bond conditions.

Under 18 U.S.C. § 3161(b), an indictment or information must be filed within 30 days from the date on which a defendant was arrested. Under normal circumstances, this would

require the United States to seek an indictment filed no later than October 26, 2020. The United States requests an additional 60 days beyond that date, making an indictment due on or before December 25, 2020.

On March 16, 2020, this Court issued General Order 2020-05, which included a directive stating that, for all Grand Jury proceedings through May 1, 2020, "Grand juries will not meet unless absolutely necessary," subject to vacatur or amendment by the Court no later than May 1, 2020. (Gen. Order 2020-05). On March 23, 2020, the Court amended General Order 2020-05 and issued General Order 2020-05-01 which states, in pertinent part, that no Grand Juries will convene unless absolutely necessary and with the approval of the Chief Judge. (Gen. Order 2020-05-01). The Court entered these General Orders in response to the COVID-19 public-health emergency declared at both at the national and state levels. (*Id.*). On April 20, 2020, the Court issued Amended General Order 2020-05-02 extending the "operative effect of Amended General Order No. 2020-05-01 through June 12, 2020." On May 22, 2020, the Court issued General Order No. 2020-08, ordering that until July 31, 2020, grand juries will not proceed and unless absolutely necessary and with the approval of the Chief Judge. On July 28, 2020, the Court issued General Order No. 2020-08-1, ordering that until matters are re-evaluated by August 24, 2020, "[g]rand jury matters will proceed after consultation with the Chief Judge, being mindful of the status of the pandemic and public health recommendations." On August 25, 2020, the Court issued General Order 2020-08-02 stating that "Grand jury matters will proceed after consultation with the Chief Judge, being mindful of the status of the pandemic and public health recommendations." On October 5, 2020, the Court issued General Order 2020-08-03 reiterating that "Grand jury matters will proceed after consultation with the Chief Judge, being mindful of the status of the pandemic and public health recommendations."

Notwithstanding this public health emergency, United States continues to investigate, prosecute and prepare this case for indictment, including making arrangements to obtain available witnesses to testify before a grand jury within the allotted 30-day period. Nonetheless, the United States and Defendant are cognizant of the concerns identified in the General Orders, and of the public-health risk created for government counsel, witnesses, grand jurors, and Court personnel by assembling during the period of the public-health emergency.

For the reasons set forth below, the government and Defendant seek particular findings under Sections 3161(b), 3161(h) and 3164:

I. A SPEEDY TRIAL ACT CONTINUANCE BECAUSE UNIQUE CICRUMSTANCES PREVENT REGULAR CONVENING OF GRAND JURY SESSIONS

The Speedy Trial Act automatically provides for an additional 30-days to seek an indictment "in a district in which no grand jury has been in session during such thirty-day period." 18 U.S.C. § 3161(b). While grand juries are technically still in session, General Order 2020-08-03 states that "Grand jury matters will proceed after consultation with the Chief Judge, being mindful of the status of the pandemic and public health recommendations," in effect greatly reducing the sessions where grand juries convene.

II. AN "ENDS OF JUSTICE" FINDING IS ALSO WARRANTED IN THIS MATTER

In addition to a finding that Section 3161(b) is applicable, the government and Defendant also seek an "ends of justice" finding necessary to exclude time under Sections 3161(h) and 3164.

The Speedy Trial Act excludes "the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence," any period of delay based on a continuance granted by "any judge" based on "findings that the ends of justice served by taking such action outweigh the best interest of the

public and the defendant in a speedy trial." 18 U.S.C. § 3161(h) & (h)(7)(A). The court must set forth "in the record of the case" its reasons supporting such a finding, after considering the factors identified in the statute, among others. *Id.*, § 3161(h)(7)(A) & (B).

Accordingly, to eliminate the risk of dismissal under the Speedy Trial Act, and to comply with the applicable statutes, this Court's general order, and public-health requirements, the United States and Defendant respectfully requests that this Court (1) find that Section 3161(b) applies, continue the time in which an indictment must be returned for an additional 60 days to December 25, 2020; and (2) after making specific findings to support an "ends of justice" determination pursuant to Section 3161(h), exclude the period of time between the date on which Defendant was arrested and the new date established by the Court pursuant to this motion, for all Speedy Trial Act purposes.

Respectfully submitted,

Justin E. Herdman
United States Attorney

By:   s/ Michael J. Freeman                         s/ Neil S. McElroy
       Michael J. Freeman (OH: 0086797)           Neil S. McElroy (OH: 0077087)
       Assistant United States Attorney             Counsel for Sir Maejor Page
       Four Seagate, Third Floor                     1119 Adams Street
       Toledo, Ohio 43604                             Toledo, Ohio 43604
       Michael.Freeman2@usdoj.gov                law.mcelroy@gmail.com