IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MJ NO. 3:20-MJ-5291 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE JAMES R. KNEPP, II |
| v. | ) | |
| | ) | |
| SIR MAEJOR PAGE, | ) | **PROPOSED ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Having considered the Joint Motion to Suspend the 30-Day Statutory Speedy Trial Clock and Exclude Such Time for All Speedy Trial Act Purposes, as well as the Northern District of Ohio's General Order No. 2020-08-3, the Court hereby finds as follows:

1.  The government filed a complaint in this case on September 24, 2020, and this Court issued an arrest warrant. Defendant was arrested on September 25, 2020, and first appeared before a judicial officer of this Court, where charges were pending that same day at which time Defendant was released on bond conditions. The Speedy Trial Act, 18 U.S.C. § 3161, normally would require that an indictment or information charging the defendant with the commission of an offense must be filed on or before October 26, 2020. 18 U.S.C. § 3161(b).

2.  On March 16, 2020, the District Court for the Northern District of Ohio issued General Order 2020-05, which included a directive stating that, for all Grand Jury proceedings through May 1, 2020, "Grand juries will not meet unless absolutely necessary," subject to vacatur or amendment by the Court no later than May 1, 2020. (Gen. Order 2020-05). On March 23, 2020, the Court amended General Order 2020-05 and issued General Order 2020-05-

01 which states, in pertinent part, that no Grand Juries will convene unless absolutely necessary and with the approval of the Chief Judge. (Gen. Order 2020-05-01). The Court entered these General Orders in response to the COVID-19 public-health emergency declared at both at the national and state levels. (*Id.*). On April 20, 2020, the Court issued Amended General Order 2020-05-02 extending the "operative effect of Amended General Order 2020-05-01 through June 12, 2020." On May 22, 2020, General Order No. 2020-08 (ordering that prior to July 31, 2020, grand juries will not convene unless absolutely necessary and with the approval of the Chief Judge). On July 28, 2020, the Court issued General Order No. 2020-08-1, ordering that until matters are re-evaluated by August 24, 2020, "[g]rand jury matters will proceed after consultation with the Chief Judge, being mindful of the status of the pandemic and public health recommendations." On August 25, 2020, the Court issued General Order 2020-08-02 stating that "Grand jury matters will proceed after consultation with the Chief Judge, being mindful of the status of the pandemic and public health recommendations." On October 5, 2020, the Court issued General Order 2020-08-03, reiterating the same cautions about Grand jury matters.

3. Grand juries have been impaneled in this District, and while they have convened for limited purposes, they have not resumed convening on a regular basis due to the Court's General Orders and the public health crisis.

4. The Speedy Trial Act automatically provides for an additional 30-days to seek an indictment "in a district in which no grand jury has been in session during such thirty-day period." 18 U.S.C. § 3161(b).

5. Given the grave public-health concerns discussed in General Orders 2020-05, 2020-05-01, 2020-05-02, 2020-08, 2020-08-1, 2020-08-2, and 2020-08-3 and because, based on the current declaration of a national and statewide public-health emergency, the expected duration of which is presently unknown, this Court may need to extend General Order 2020-08-3 beyond the current time frame. For these reasons, the ends-of-justice are served by continuing the time in which an indictment must be returned for an additional 60 days, making an indictment due on or before December 25, 2020, and excluding the period of time between the

date on which Defendant was arrested and the new date established by the Court pursuant to this Order, for all Speedy Trial Act purposes. Further, given the foregoing, doing so outweighs the best interest of the public and defendant in a speedy indictment and speedy trial.

6. Failure to grant the requested continuance suspending the 30-day statutory Speedy Trial Clock as associated exclusion would require to the Court to dismiss any complaint for which an information or indictment has not been filed within 18 U.S.C. § 3161(b)'s required 30-day time limit, either with or without prejudice, 18 U.S.C. § 3162(a)(1), which may result in a miscarriage of justice.

7. Failure to continue this case is also likely to put government counsel, witnesses, grand jurors, and Court personnel at unnecessary risk.

8. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government, or failure on the part of the attorney for the Government to obtain available witnesses.

Accordingly, to eliminate the risk of dismissal under the Speedy Trial Act, and to comply with the statute, General Order No 2020-08-3, and public-health requirements, the Court finds that the foregoing facts support: (1) suspending the 30-day statutory Speedy Trial Clock set forth in 18 U.S.C. § 3161(b); (2) continuing the time in which an indictment must be returned until December 25, 2020; and (3) good cause for a finding of excludable time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7) and 3164, because the ends of justice in granting such a suspension and continuance outweighs the best interest of the public and defendant in a speedy indictment and speedy trial.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The 30-day statutory Speedy Trial Clock set forth in 18 U.S.C. § 3161(b), which was originally set to expire on October 26, 2020, is hereby suspended and continued until the new date established by this Order.

2. The time period of October 26, 2020, to the new date established by this Order, inclusive, is hereby excluded in computing the time for all Speedy Trial Act purposes, including

but not limited to the time within which an indictment or information must be filed 18 U.S.C. § 3161(b).

      3.      Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an indictment or information must be filed or a trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which indictment or information must be filed or a trial must commence.

      IT IS SO ORDERED.

DATE

James R. Knepp, II
UNITED STATES MAGISTRATE JUDGE