**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No. 3:21 CR 157 |
| | ) | |
| Plaintiff, | ) | Judge Helmick |
| | ) | |
| Vs. | ) | **MOTION TO AMEND CONDITIONS** |
| | ) | **OF BOND TO PERMIT FULL** |
| **Sir Maejor Page,** | ) | **EXERCISE OF FIRST AMENDMENT** |
| | ) | **FREEDOM OF SPEECH** |
| Defendant. | ) | |
| | ) | Charles M. Boss (0011436) |
| | ) | Boss & Vitou Co., L.P.A. |
| | ) | 111 W. Dudley Street |
| | ) | Maumee, OH 43537 |
| | ) | PH:  (419) 893-5555 |
| | ) | Fax: (419) 893-2797 |
| | ) | cboss@bossvitou.com |
| | ) | |
| | ) | **ATTORNEY FOR DEFENDANT** |
| | ) | **SIR MAEJOR PAGE** |
| | ) | |

\*   \*   \*   \*   \*

Now comes Sir Maejor Page, by and through counsel Charles M. Boss, to request that the Order Setting Conditions of Release, Doc #5 item 7 (r), be amended to permit Defendant Page to have limited activity on Facebook, other than Fundraising activity virtually or in-person. This request is specifically limited to seeking access and use of the defendant's several personal Facebook pages; "Maejor Page", "Sir Maejor Page", and his fan pages; "Activist Sir Maejor" and "Sir Maejor For The People".  This request for access and use of Facebook specifically does not include the Facebook page

at issue in the instant indictment pertaining to "Black Lives Matter of Greater Atlanta" (BLMGA).

**SIR MAEJOR PAGE NEEDS TO BE HEARD**

Mr. Page is a civil rights advocate and admittedly a "gadfly".  It is important for the health of our democracy that we to allow him to continue to speak and be heard broadly on matters of public concern. Defendant Page is presumed innocent and the restrictions on his ability to effectively communicate using the social media platform of Facebook abridges his freedoms of speech and press.

**THE RESTRICTIONS ARE OVERBROAD**

The current restrictions on Defendant Page using Facebook are overbroad and go beyond what is necessary to protect the public. The conditions of bond barring Defendant Page from using Facebook to express his opinions on matters of public interest, unrelated to the allegations of fraud in this case, are an infringement upon the defendant's constitutional right to free speech as well as the freedom of the press.

The government has already subpoenaed, downloaded, and received copies of Sir Maejor's Facebook pages, thus giving them no reasonable excuse to bar Mr. Page from accessing his social media pages. Further, Defendant Page will continue to be prohibited from taking any acts that would delete, destroy or alter any past postings.

**FREE SPEECH IS OF LITTLE VALUE IF IT CANNOT BE HEARD**

Mr. Page desires to exercise his First Amendment rights to speak out on injustices, freely express himself, and plan or organize social justice events.  This right to speak freely is of little value if he cannot be heard.  Facebook is the vehicle of free speech that this civil rights advocate finds to be the most effective means for him to organize and communicate social grievances to a wide audience at little or no cost.

If Facebook chose to prohibit Page from using of their platform, it would not be a government infringement on the constitutional rights of Mr. Page.  But here, the actions of the government in needlessly imposing such restrictions operates as an unlawful constitutional impairment.

Facebook has become today's equivalent of yesterday's newsprint, and the printed circular of the early days of the 20ᵗʰ century.  When our country was engaged in the First World War, Supreme Court Justice Oliver Wendell Holmes wrote a dissent in *Abrams v. United States*, 250 U.S. 616 (1919) where he recognized that the constitutional freedom of speech and press should not be infringed where the defendants united to print and distribute unpopular circulars.   In *Abrams* the defendants were charged with violating provisions of the Espionage Act, when they published language intended to encourage resistance to the United States in the war with Germany.   Justice Holmes wrote:

> "the ultimate good desired is better reached by free trade in ideas — that the best test of truth is the power of the thought to get itself accepted in the competition of the market, and that truth is the only ground upon which their wishes safely can be carried out. That at any rate is the theory of our Constitution. It is an experiment, as all life is an experiment. Every year if not every day we have to wager our salvation upon some prophecy based upon imperfect knowledge. While that experiment is part of our system, I think that we should be eternally vigilant against attempts to check the expression of opinions that we loathe and believe to be fraught with death, unless they so imminently threaten immediate interference with the lawful

3

and pressing purposes of the law that an immediate check is required to save the country."

*Abrams v. United States*, 250 U.S. 616, at 630, (1919) Holmes. Dissent.

**WE MUST BE ETERNALLY VIGELANT**

We violate the First Amendment when we censure citizens for something they wish to say. Even the inadvertent prohibition on the use of the Social Media platform of Facebook to communicate is a censure of freedoms of speech and press.  Mr. Page wants to continue to exercise of his First Amendment rights by advocating for civil rights here in N.W. Ohio and requests that he be permitted the limited use of Facebook to communicate.

**WHEREFORE**, it is respectfully requested that the Order Setting Conditions of Release, Doc #5, be amended to modify item 7 (r), to permit Defendant Page to have activity on Facebook, other than fundraising activity virtually or in-person and no access to the site of "Black Lives Matter of Greater Atlanta" (BLMGA).

Respectfully submitted,

/s/ Charles M. Boss_____
Charles M. Boss
Attorney for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that Defendant Page's **MOTION TO AMEND CONDITIONS OF BOND TO PERMIT FULL EXERCISE OF FIRST AMENDMENT FREEDOM OF SPEECH** was filed electronically this 19th day of

November, 2021.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

Respectfully submitted,

BOSS & VITOU Co., L.P.A.

/s/ Charles M. Boss
By:  Charles M. Boss
        Attorney for Defendant