IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:21CR157 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | |
| SIR MAEJOR PAGE, | ) | GOVERNMENT'S OPPOSITON TO |
| | ) | DEFENDANT'S REQUEST FOR A BOND |
| Defendant. | ) | MODIFICATION AND REQUEST FOR |
| | ) | BOND REVOCATION |
| | ) | |

Defendant Sir Maejor Page deliberately and intentionally flaunted the Court's order and terms and conditions of bond in a strikingly similar way to the charged conduct. As such, the government respectfully request the Court to deny his request for a modification, hold a hearing on such conduct, and revoke his bond.

**A. Procedural History**

On September 24, 2020, this Court authorized an arrest warrant and a criminal complaint finding probable cause Page committed wire fraud and two different types of money laundering. (Doc. 1). Page was arrested the following day and appeared in Court for his initial appearance. (Doc. 4). The government did not seek detention, but specifically requested that Page have no Facebook activity and no fundraising virtually or in-person. (9/25/2020, Minutes of Initial Appearance). Page consented to the requested conditions related to Facebook and fundraising. (Id.) These conditions were reduced to writing in the court's order setting bond. (Doc. 5). Condition 7(r) stated in no uncertain terms, "Defendant shall have no Facebook activity

whatsoever; [and] no fundraising activity virtually or in-person . . . ." (Doc. 31). The order was signed with Page's consent. (Id.)

On March 11, 2021, a federal grand jury returned a four-count indictment including wire fraud and money laundering for the same conduct articulated in the criminal complaint affidavit. (Doc. 15). Specifically, the indictment alleges that Page coopted the Black Lives Matter name and movement to raise money on Facebook for his personal use. (Id.) On March 17, 2021, Page appeared for his arraignment and his terms and conditions of bond remained. (3/17/2021, Minutes of Arraignment). On November 19, 2021, Page filed a request to eliminate the bond restriction related to his social media. (Doc. 28). This motion is before the Court.

### B. Defendant's Conduct on Bond

In July 2021, the FBI received several tips about Page's conduct on a social media application Clubhouse. Clubhouse application allows users to communicate in an audio chat room by invite-only that can accommodate groups of thousands of people.

Page formed a Clubhouse group named, "The Lipstick Alley Report." Lipstick Alley is a blog website that started in 2000 to discuss popular culture and current events. It morphed over time to have a presence on all major social media applications while still having its own blog website. Its homepage looks something like this:



Nonetheless, Page hosted several Clubhouse audio chat rooms about the "Lipstick Alley Report." The FBI has numerous recordings of Page on this application which in total are several hours. Page attempted to fundraise for his "Lipstick Alley Report" on at least two recordings both occurring in July 2021.

On the first recording, Page said, "If you want to help this show (The Lipstick Alley Report) grow, please email me directly . . . if you got high value mint money, we definitely want some of your money, alright. Money for this show to grow. So be sure to hit me up." (Ex. 1). Similarly, on a different recording, Page again solicited money saying, "We want to make sure this show is the best show and give the best content, and so we are going to definitely need the support and, ya kno-, the money, uh, you guys give" will go to equipment. (Ex. 2).

C. **Page's conduct on bond demonstrates he is a danger to the community and unlikely to abide by conditions of release**

The government may initiate revocation proceedings by filing a motion with the district court. 18 U.S.C. § 3148. The judge "shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is . . . clear and convincing evidence that the person has violated any other condition of release; and finds that (A) based on the factors set forth in

section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." *Id*.

Dangerousness is not limited to physical harm and can include pecuniary or economic harm. *United States v. Madoff*, 586 F. Supp. 2d 240, 252 (S.D.N.Y. 2009) ("[t]he Court concludes there is support for considering economic harm in evaluating danger to the community under § 3142 of the Bail Reform Act."); *See e.g. United States v. Reynolds*, 956 F.2d 192 (9th Cir.1992) (asserting that "danger may, at least in some cases, encompass pecuniary or economic harm."); *United States v. Provenzano*, 605 F.2d 85, 95 (3rd Cir.1979) (danger not limited to physical harm); *United States v. Parr*, 399 F.Supp. 883, 888 (W.D.Tex.1975) ("The 'danger to ... the community' [language in the Bail Reform Act] permits consideration of the defendant's propensity to commit crime generally, even where only pecuniary and not physical harm might result to the community at large.").

Here, there is no question that Page violated a condition of release. The court ordered Page to have no fundraising activity virtually or in-person and there are two recordings of Page doing exactly that. What's even more troubling is Page's conduct on bond precisely mirrors the conduct that led to his arrest and indictment. Page created an online social media presence that gave the impression he was associated with a well-established name or organization and ask those on social media for money under the auspices he was helping the well-known organization when in reality it is all a scam to get money for himself.

4

This flagrant violation of the Court's order demonstrates that he remains a danger to the community as he will undoubtedly continue to scam people and he is unlikely to abide by the conditions of his release.

Accordingly, the Court should deny his current request for a bond modification, hold a hearing, and revoke his bond.

Respectfully submitted,

BRIDGET M. BRENNAN
United States Attorney

By: /s/ Michael J. Freeman
Michael J. Freeman (OH: 0086797)
Assistant U.S. Attorney
Four Seagate, Suite 308
Toledo, Ohio 43604
(419) 241-0724
Michael.Freeman2@usdoj.gov