# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No. 3:21 CR 157 |
| | ) | |
| Plaintiff, | ) | Judge Helmick |
| | ) | |
| Vs. | ) | **MOTION *IN LIMINE* TO** |
| | ) | **EXCLUDE EVIDENCE OF** |
| **SIR MAEJOR PAGE,** | ) | **ALLEGED PURCHASE MADE BY** |
| | ) | **THE DEFENDANT** |
| Defendant. | ) | |
| | ) | Charles M. Boss (0011436) |
| | ) | Boss & Vitou Co., L.P.A. |
| | ) | 111 W. Dudley Street |
| | ) | Maumee, OH 43537 |
| | ) | PH: (419) 893-5555 |
| | ) | Fax: (419) 893-2797 |
| | ) | cboss@bossvitou.com |
| | ) | |
| | ) | **ATTORNEY FOR DEFENDANT** |
| | ) | **SIR MAEJOR PAGE** |

\* \* \* \* \*

Now comes Defendant Sir Maejor Page ("Mr. Page"), by and through counsel Charles M. Boss, to respectfully request that this Court rule *in limine* to prevent the United States ("Government") from introducing evidence that Mr. Page procured the services of a personal escort with funds alleged to have been obtained as a result of the wire fraud allegations set forth in the Government's affidavit. As explained below, the unfair prejudice that would result from identifying the specific nature of the alleged purchase would substantially outweigh the resulting probative value. As a result, the Federal Rules of Evidence recommend the evidence be barred.

### Statement of Facts

The Government is alleging that Mr. Page engaged in a scheme to defraud by creating the nonprofit charity, Black Lives Matter of Greater Atlanta (BLMGA), and using it as a front to obtain donations to enrich himself. The alleged scheme stretched from May 25, 2020, to when Mr. Page was arrested on Sept. 25, 2020. During that time, BLMGA received approximately $490,000 in donations and gifts. Over the same period, the Government alleges Mr. Page spent approximately $235,000, which includes $110,000 for a residential property in BLMGA's name. The bulk of the remaining expenses can be placed into categories that include food, entertainment, professional services, furniture, travel, lodging, and clothing. Multiple material issues of fact exist regarding the Government's indictment as to whether these purchases were related to the charitable activities of BLMGA or Mr. Page's personal activities. One purchase the Government alleges was for the services of a personal escort, although material issues of fact also exist in that matter.

## Argument

Irrelevant evidence is inadmissible.[1] Evidence is only relevant if it has a tendency to make a fact any more or less probable that without it.[2] Here, the only relevancy of identifying the nature of Mr. Page's expenses would be to prove the element of intent required by the statute, since profits from a fraud are often used to show intent of the fraud.[3] However, introducing evidence that Mr. Page allegedly purchased an escort with BLMGA funds provides zero added probative value to intent beyond what the jury would conclude based on information that Mr. Page simply spent money in a general category of "entertainment" expenses, something Mr. Page is willing to stipulate to. It is not

---

[1] FED. R. EVID. 402.
[2] FED. R. EVID. 401.
[3] United States v. Montgomery, 2022 U.S. App. LEXIS 17475, *31 (6th Cir. 2022).

realistic to think it was Mr. Page's intent in establishing BLMGA to eventually use the money for an escort. The incident is alleged to have happened on one occasion, over two months after the alleged fraud began, and over four years after Mr. Page first established BLMGA. The alleged act was in no way inextricably tied to the alleged fraud nor does it show any other purpose relevant to Mr. Page's state of mind.[4]

The minimal probative value that introducing evidence of an escort provides to the issue of intent is substantially outweighed by its unfair prejudice, and this Court has full authority to exclude the evidence.[5] While true that evidence is not unfairly prejudicial simply because of legitimate damage it does to a defendant's case, this information does nothing to prove any element of the Government's case, nor does it attack any defenses asserted by Mr. Page. In addition to unfair prejudice, the probative value of allowing evidence of the escort is further outweighed by the potential to mislead the jury and confuse the issues of this case. The allegations that Mr. Page paid for an escort are unproven. Allowing this evidence will lead a jury to be confused as to whether Mr. Page is on trial for wire fraud or solicitation. Evidence can be unfairly prejudicial if it tends to suggest a decision is made on an improper basis.[6] Informing the jury that the money was for an escort only seeks to inflame a person's sensitivities and leads to a jury to base its decision on personal animus towards Mr. Page.

Furthermore, the Government's use of evidence of an escort needlessly presents cumulative evidence that adds little incremental probative value. The Government intends to show a number of purchases made by Mr. Page with BLMGA funds including a residential property, as well as purchases made at Wal-Mart, Furniture Palace, and

---

[4] United States v. Dimora, 843 F. Supp. 2d 799, 854 (N.D. Ohio 2012).
[5] FED. R. EVID. 403.
[6] United States v. Dexta, 136 Fed. Appx. 895, 907 (6th Cir. 2005).

3

various restaurants. These were the only purchases listed in the indictment of Mr. Page and therefore would appear sufficient for the Government to limit its evidence to similar purchases. There seems little reason to introducing additional evidence about an unrelated, possible escort and waste the court's time in what could turn into a prolonged issue that does not address material issues of fact.

The introduction of evidence that Mr. Page did, or may have, used BLMGA funds to purchase an escort should be excluded from any mention in this case. According to the Federal Rules of Evidence, this information is not relevant to any materials issues. Any probative value it may provide is substantially outweighed by its unfair prejudice, potential to mislead the jury and confuse the issues, and the likelihood of prolonging this case.

Respectfully submitted,

BOSS & VITOU Co., L.P.A.

/s/ Charles M. Boss
By:  Charles M. Boss
     Attorney for Defendant
     Sir Maejor Page

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that Defendant Page's **MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ALLEGED PURCHASE MADE BY THE DEFENDANT** was filed electronically this 24th day of July, 2023.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

Respectfully submitted,

BOSS & VITOU Co., L.P.A.

/s/ Charles M. Boss
By:  Charles M. Boss
     Attorney for Defendant